THE STATE, RESPONDENT, v. JOHN J. KASKEVICH,
APPELLANT.

Submitted March 23, 1922—Decided November 3, 1922.

1. Whether the trial court will allow the repetition of a question
   already answered by a witness rests entirely in the discretion of
   the court.
2. Where no exception is taken to a ruling of the trial court, there
   is no foundation for an assignment of error.
3. Section 137 of the Criminal Procedure act requires that in all
   cases where the plaintiff in error shall elect to take up the entire
   record, he shall specify the causes in the record relied upon for
   relief or reversal, so as to apprise the court and counsel for the
   state of the cause of reversal, with sufficient precision to make
   the point intelligible. Where the objection is to the admission
   or rejection of evidence, the ground of reversal must point out
   the precise evidence which was erroneously admitted, or the
   precise offer which was erroneously rejected.
4. So long as the right of the jury to decide disputed questions of
   fact is pointed out in the charge, the judges' comments on evi-
   dence, even when they embrace actual misstatements of fact,
   afford no ground for reversal of a criminal conviction.
5. A misstatement of fact by the trial court should be called to its
   attention before the trial is concluded; and on a general excep-
   tion to the whole charge such misstatement cannot be specifically
   made for the first time in the court of review.

On appeal from the Essex County Court of Quarter Ses-
sions.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Charles E. S. Thorne.*

For the state, *J. Henry Harrison,* prosecutor of the pleas,
and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted
for the crime of abortion, committed upon the body of one
Mary Czernea, and from the conviction had upon the indict-

ment he now appeals. The case is brought up both on bill of exceptions and under the broad review provided by section 136 of our Criminal Procedure act.

The assignments of error and the grounds of reversal specified under the statute which have been relied upon by the plaintiff in error on the argument will be considered in the order in which they have been presented to us.

The first contention is that the court improperly excluded the following question, asked of the defendant by his counsel while being examined as a witness: "What kind of a practice have you got, doctor, as regards the size of it?" Counsel in his argument before us admits that this question was merely a preliminary one, leading up to some material fact, but, as he failed to advise the trial court what the material fact was that he proposed to prove, the question apparently was quite immaterial, and the court therefore very properly dealt with it in that aspect.

The next ground upon which we are asked to reverse this conviction is based upon the alleged improper admission of the following question, asked of the defendant on his cross-examination, after he had stated that the complaining witness had advised him, when she came to see him, that a criminal abortion had theretofore been attempted upon her by a certain woman living in Newark, and that his own examination had disclosed the fact of such attempted abortion— "*Q.* Why did you not notify the authorities of this crime?" The contention is that this examination was unfair; but the only ground of objection which was interposed was that the defendant had already answered it, and that a repetition of the question, therefore, was improper. The court ruled that the question was not improper merely because it was a repetition of a preceding question, and this ruling, we think, was unobjectionable. The matter was one resting entirely in the discretion of the court, and the exercise of that discretion was not legally injurious to the defendant.

The next contention is that the court erred in excluding the following unfinished question, asked of the defendant on his re-examination by his counsel: "And because of the

further fact of what she had told you and your further exam-
ination by way of a vaginal examination  *  *  *." This
question was asked after the defendant had testified that his
examination disclosed that the complaining witness was preg-
nant and after he had stated the reasons upon which that
conclusion was rested by him. The question was clearly
objectionable as leading, and was properly excluded for that
reason.

The next contention is that the court improperly refused
to allow Dr. Lowry, a witness called by the defence, to answer
a series of questions directed at the professional standing of
the defendant in the medical fraternity and in the neighbor-
hood in which he lived. This exclusion is made the basis of an
assignment of error, and it is also argued that the rulings are
properly before us on a specification of ground of reversal
under the statute. Defendant can take nothing by the assign-
ment of error, for the reason that no exception was taken to
the rulings of the trial court with relation to these questions.
It is elementary law that when no exception is taken there is
no foundation for an assignment of error. 1 *N. J. Dig.,*
*col.* 338, *at bottom; State* v. *Brady,* 71 *N. J. L.* 360; *State*
v. *Young,* 93 *Id.* 401. Nor can the defendant take anything
by his specification under the one hundred and thirty-sixth
section of the Criminal Procedure act, which is "that the
court improperly limited the testimony of defendant's wit-
ness James Henry Lowry on the question of the defendant's
good character and repute, and foreclosed proper evidence
on this point to be brought to the jury, to the prejudice of
defendant and his defence." In *State* v. *Herron,* 77 *Id.* 523,
it was held by the Court of Errors and Appeals that the one
hundred and thirty-seventh section of the Criminal Proce-
dure act requires that in all cases where the plaintiff in error
shall elect to take up the entire record he shall *specify* the
causes in the record relied upon for relief or reversal; that
the purpose of this provision is to require the plaintiff in
error to apprise the court and the counsel for the state of the
cause of reversal with sufficient precision to make the point
intelligible; and that, therefore, where the objection is to

the admission or rejection of evidence, the ground of reversal must point out the precise evidence which was erroneously admitted or the precise offer which was erroneously rejected; and that, if this is not done, the causes assigned are too general to avail the plaintiff in error. See, also, *State* v. *Rubertone,* 89 *Id.* 285; *State* v. *McCormack,* 93 *Id.* 287; *S. C. on appeal,* 94 *Id.* 262; *State* v. *Comstock,* 95 *Id.* 321. For failure to specify in his ground of reversal the particular error or errors alleged to have been committed, the plaintiff in error can take nothing by it.

The next point submitted by counsel is that there was legal error in the following instruction to the jury: "The burden is upon the state to prove beyond a reasonable doubt that the defendant used some instrument with the prescribed intent (*i. e.,* the intent to produce a miscarriage); but the state need not show that the instrument used would produce a miscarriage. If the instrument used was employed with that intent it is sufficient." No argument is submitted to support the assertion that this instruction contains legal error, counsel contenting himself with the mere statement that "it supposes an instrument which was lawfully used was so used for an unlawful purpose." In disposing of this point, therefore, all that need be said is that the instruction contains no such supposition as is attributed to it by counsel.

The next contention is that the court improperly charged the jury that, in attempting to commit the abortion, as the state alleged, the proof was that the defendant used two instruments, whereas the evidence only disclosed the use of one. It is enough to say, in disposing of this contention, that there was some evidence of the use of two instruments; and, further, that if there had not been such proof, the misstatement was clearly harmless to the defendant.

The next point submitted is that the court improperly instructed the jury as a matter of fact that the testimony of the complaining witness was corroborated by that given by a Dr. Condon, who was a witness called on the part of the state. A reading of the charge shows that no such instruc-

tion was given, although, if it had been, the testimony in the case sent up with the writ of error shows that it would have been justified. What the court said upon this point was: "If you believe the testimony here given by Mary and Dr. Condon, there is evidence before you sufficient to find the defendant guilty." The plaintiff in error can take nothing by this misstatement of fact by his counsel.

The next contention is that the court erroneously stated to the jury that the doctors called to testify in the case "limited their testimony to the defendant's reputation for care and skill." This statement was inaccurate, for the limitation was imposed by the court, and not voluntarily by the witnesses themselves. But this misstatement cannot benefit the plaintiff in error on a review of his conviction, and for three reasons: In the first place, the court in its instructions to the jury specifically told them that, in referring to the evidence, he must not be understood as attempting to decide any fact, and that where the court erred in its statement of evidence they should disregard the recollection of the court and rely upon their own recollection. So long as the right of the jury to decide disputed questions of fact for themselves is pointed out in the charge, the judge's comments on evidence, even when they embrace actual misstatements of fact, afford no ground for the reversal of a criminal conviction. *Engle v. State, 50 N. J. L.* 272; *State v. Hummer, 73 Id.* 714; *State v. Kroll, 87 Id.* 330. In the second place, no specific objection was taken to the misstatement at the close of the instructions to the jury, the plaintiff in error contenting himself with taking a general exception to the whole charge, and making his objection specifically for the first time in this court. The rule applicable to such a situation is thus stated by the Court of Errors and Appeals in *State v. Lovell, 88 Id.* 353, 355: "A misstatement of fact in the instruction by the trial court, not in any way binding on the jury, cannot for the first time be objected to in the Supreme Court. In fairness to the court, and in justice to the accused, any alleged misstatement of fact by the trial court in the charge should be called to the attention of the

court at the trial." For failure to follow the course indicated by the rule laid lown in the case cited, the plaintiff in error cannot successfully attack the conviction upon the ground last indicated. In the third place, the misstatement could not have been harmful to the defendant; for whether the limitation upon the testimony of character witnesses was imposed by the court or by the witnesses themselves was a matter which, as it seems to us, could not have had any effect whatever upon the minds of the jurors in reaching a determination upon the question of the guilt or innocence of the defendant.

Lastly, it is contended that there was error in the statement of the court to the jury that "counsel for the defendant is here to present to you facts which indicate to him his belief that you should find the defendant not guilty." The argument in support of this ground of reversal is that it deprives the defendant of the benefit of a reasonable doubt as to his guilt, notwithstanding the fact that the court in the earlier part of its charge had instructed the jury properly with relation to that subject. The argument, as it seems to us, is illogical as it stands; but, when the charge is examined, it appears that the excerpt complained of was a part of the statement to the jury of the respective functions of the prosecutor of the pleas, the counsel for the defendant, the trial court, and the jury itself. Taken in connection with the whole subject-matter of this portion of the charge to the jury, it is plainly unobjectionable.

Finding nothing of merit in the assignments of error or reasons for reversal, we conclude that the judgment under review must be affirmed.