STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ISADORE B. GLASS, PLAINTIFF IN ERROR.

Submitted October term, 1933—Decided February 20, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff in error, *Shebell & Edelson* (*Harry Edelson, Theodore D. Parsons* and *John J. Quinn,* of counsel).

For the defendant in error, *Jonas Tumen* (*J. Victor Carton,* of counsel).

PER CURIAM.

The plaintiff in error was convicted of the crime of arson. The charge of the indictment was two-fold, the first count being that the defendant willfully and maliciously burned and caused to be burned a dwelling house, &c., and the second count that the defendant below willfully and maliciously did aid, counsel, procure and consent to the setting fire and burning of said dwelling house, &c. The jury found the defendant guilty as charged in the second count.

The defendant below appeals to this court setting up various reasons for reversal, which he reduces to five particular points, the first one of which is that no evidence was produced, either direct or circumstantial, upon which a conviction of the defendant could be found. With this contention we cannot agree. No good purpose will be served by reviewing the evidence in detail. It will suffice to say that at the end of the case the conclusion that the defendant was guilty of having procured the burning of this dwelling house was supported by the evidence in the case. The issue, as it frequently happens in matters of cases of this kind, was determined by the jury altogether on the question of credibility. If the jury believed the state's witnesses, as it did, there was plenty of evidence upon which to convict the defendant. If the jury disbelieved the state's witnesses and believed those of the defendant, and the defendant himself, it could have found sound reason for acquitting the defendant.

The second reason for reversal is that the trial court erred in striking out the testimony of Dr. Silverstein as to the reputation of the defendant. It appears that this witness testified as to the good reputation of the defendant and upon his saying that his testimony was based on his personal knowledge of the defendant and not upon what other people said

about him, the court, on motion of the state's attorney, struck out the testimony. In this we think the court was right. Testimony as to a person's reputation, in the very nature of things, is and must be predicted upon what kind of man the person is reputed to be. The witness particularly stated that his testimony was based on his own knowledge of the defendant and not on his reputation. We think the testimony was properly stricken.

The third reason for reversal is that the trial court erred in charging the jury concerning the evidence. We think this point is entirely without merit. Assuming for the sake of argument that the trial court did misstate the evidence, the court, comprehensively and with great definiteness, instructed the jury not to be guided by what the court said the facts were, but to take their own recollection of the facts as they found them. The court fully instructed the jury on this point and there was no error there committed "so long as the right of the jury to decide disputed questions of fact is pointed out in the charge, the judges' comments on evidence, even when they embrace actual misstatements of fact, afford no ground for reversal of a criminal conviction." *State* v. *Kaskevich,* 98 *N. J. L.* 23; 118 *Atl. Rep.* 701.

As to the next reason for reversal, that the court erred in his charge, this is what the court said:

"You may bring in a verdict of guilty as to the first count and not guilty as to the second count, or you may bring in a verdict of guilty as to the first count and not guilty as to the second count. You may bring in a verdict of guilty as to the second count and not guilty as to the first count.

"It seems to me, as I recall the testimony—and I want you to understand you are the judge of the facts entirely in this case—that there is no real evidence before you that the defendant did set the place afire himself."

We find no harmful error here nor does counsel for the plaintiff in error point to any authority that persuades us that this language was error. The first sentence of that part of the charge complained of, is repeated. The court then goes on to state fairly that he didn't recollect any evidence

that would justify a conviction of the defendant under the first count in the indictment, because as he says, he does not remember any testimony that the defendant himself set the house afire. It will be observed the court merely says that he doesn't recall any such testimony. He does not foreclose the jury from considering it if, according to their recollection, such evidence was in the case.

The final point relied upon by the plaintiff in error is that the court erred in charging the jury as to the law on circumstantial evidence. The plaintiff in error points out that the court charged the jury as follows:

"This is a good example of a case of circumstantial evidence, and circumstantial evidence is passed on to the jury for you to to determine what weight you will give to it, and if a person would have to be convicted by direct evidence without any doubt whatever circumstantial evidence would be excluded altogether."

The language complained of correctly states what was in the court's mind. It is, we believe, comprehensible and free from error. The defendant below did not request a definition of circumstantial evidence nor do we find any exception to the court's charge. The court was charging the jury about circumstantial evidence, giving to it a place in the deliberations of the jury and telling the jury that circumstantial evidence was efficacious to convict because if it was not it would have to be excluded entirely, if the law required that direct evidence was necessary to convict in all cases. The court then charges the jury that it was their duty to give the defendant below the benefit of reasonable doubt. We think the charge was fair and free from prejudicial error.

We find nothing of merit in the assignments and the reasons for reversal and we conclude that the conviction must be affirmed.